556 A.2d 531

Richland School District et al., Appellants *v.* Richland Education Association by Robert Morgan, Trustee Ad Litem, Appellee.

Argued February 10, 1989, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Richard T. Williams, Sr.,* for appellants.

*William K. Eckel,* for appellee.

OPINION BY JUDGE CRAIG, March 29, 1989:

Richland School District and nine members of its school board appeal an order of the Court of Common Pleas of Cambria County which dismissed Richland Education Association's petition for contempt against the district, but awarded the association $300 in counsel fees for disobedience of a previously issued decree. Additionally, the association seeks counsel fees and other damages associated with this appeal on the ground that the district's appeal is frivolous.

The facts of the case are not in dispute. Section 1166 of the Public School Code[1] states that a public school system employee who meets enumerated eligibility requirements is entitled to a sabbatical leave for travel to "be taken in one full school term, unless authorized by the board of school directors to be taken for a half school term *or* for two half school terms during a period of two (2) years." (Emphasis added.) However, on October 21, 1986, the district's board of directors passed a resolution requiring that a sabbatical leave for travel could be taken only in one full school term, thus generally declaring that the board would reject the power conferred upon it by the Code to grant leave in optional modes.

Because of that resolve by the board to eliminate the Code's alternatives, Cambria County Court of Common Pleas Judge LEAHEY issued a decree nisi (pursuant to the association's complaint in equity) which enjoined the district and its board from implementing that policy. No post-trial motions were filed to the decree. Thereafter, the district granted split sabbatical leaves for travel to three individuals, but refused to grant similar leaves to teachers Carol McCloud and Charles Puckey. Although there was some question about the eligibility of teacher

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1166.

McCloud, the board's inaction on teacher Puckey's request was without explanation.

On February 17, 1988, the association filed a petition for contempt against the district. Five days later, Judge SWOPE issued a rule to show cause why the district should not be found in contempt for refusing to follow Judge LEAHEY's decree and why it should not be liable to pay reasonable legal fees and costs incurred by the association. The hearing was scheduled for March 24, 1988, but because of a series of continuances, it was not completed until April 22. On April 19, the board granted teacher Puckey his requested split sabbatical for travel. Upon completion of the April 22 hearing, Judge SWOPE held that, because the district had disobeyed the decree, it owed the association $300 in counsel fees for the time and preparation spent in the matter.

The district now appeals the trial court's order, and contends that it cannot be held liable for attorney fees when there is no finding of contempt. As a result of the district's appeal, the association seeks additional counsel fees on the ground that the appeal is frivolous.

The first issue is whether a party must be found to be in contempt before it can be held liable for attorney fees. Section 2503(7) of the Judicial Code, 42 Pa. C. S. §2503(7), authorizes reasonable counsel fees to "[a]ny participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of the matter."

This court has defined vexatious conduct as that which is "instituted without sufficient grounds and serving only to cause annoyance." *Santoro v. City of Philadelphia*, 59 Pa. Commonwealth Ct. 114, 122, 429 A.2d 113, 117 (1981) (quoting Webster's New Encyclopedic International Dictionary). The district's unjustified failure to act on teacher Puckey's request exemplifies vexatious

conduct, and that alone is all that section 2503(7) requires for a party to be entitled to receive counsel fees.

The district cites the Eastern District of Pennsylvania cases of *Local No. 1 (ACA) v. International Brotherhood of Teamsters*, 608 F. Supp. 548 (E.D. Pa. 1985), and *LeMaster v. Bull*, 581 F. Supp. 1170 (E.D. Pa. 1984), as authority that attorney fees will only be awarded when the prosecuting party has succeeded in holding the opposing party in contempt. However, the district's reliance on both cases is misplaced because neither involves an interpretation of the Pennsylvania Judicial Code.

The fact remains that the district disobeyed the decree when it failed to act on teacher Puckey's request. In turn, the association incurred costs to prepare its contempt litigation to enforce the order. Because the district complied with the decree while the petition for contempt was pending, no finding of contempt would have been warranted. However, the late compliance did not eliminate the expenses which the association incurred as a result of the district's vexatious conduct. Therefore, the association is entitled to the reasonable counsel fee of $300.

The second issue is whether the association is entitled to additional counsel fees for having to defend against the district's present appeal.

Pa. R.A.P. 2744 states that this court may award further costs damages "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." An appeal is considered frivolous if, either as a matter of fact or law, the appellant's contentions have no likelihood of success; the continuation of the contest is unreasonable. *Appeal of Langmaid Lane Homeowners Association*, 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983).

Although this appeal by the district relied upon an erroneous interpretation of section 2503(7), the district has presented an arguable position based on the two federal cases cited, and we therefore are unable to hold the appeal to be frivolous.

Accordingly, we affirm the trial court's decision to award the association $300 in counsel fees, but we deny the association's present request for additional counsel fees.

## ORDER

NOW, March 29, 1989, the order of the Court of Common Pleas of Cambria County, dated May 9, 1988, at No. 1987-1595, is affirmed. Additionally, the request by the Richland Education Association for additional counsel fees to defend against this appeal is denied.