599 A.2d 647

**Patricia L. MURPHY**

**v.**

**Joseph MURPHY, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued July 30, 1991.

Filed Oct. 3, 1991.

Reargument Denied Dec. 13, 1991.

148

James F. O'Malley, Johnstown, for appellee.

Michael N. Vaporis, Indiana, for appellant.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final order directing appellant husband to pay arrearages of alimony pendente lite to his former wife. For the reasons set forth below, we affirm.

The unduly prolonged legal struggle underlying the instant appeal began, routinely enough, in 1983 when appellee wife filed complaints in Cambria County for both support and divorce. In September of that year, the Honorable Caram J. Abood entered a protection from abuse order against appellant husband, Joseph Murphy, Jr. Judge Abood's order also required appellant to make support payments to appellee in the amount of $1,200 per month beginning Monday, October 3, 1983. This amount was subsequently reduced to $770 per month. Appellant's exceptions to the modified order were dismissed on November 19, 1983. Unfortunately, by May 3, 1984, appellant's refus-

al to comply with the lower court's directives resulted in the first of the contempt orders to be entered against him in connection with this case. In June of 1984, Judge Abood also found it necessary to extend the protection from abuse order previously entered in October of 1983. Appellant's subsequent appeal from the modified support order resulted in the affirmation of the lower court's ruling. *Murphy v. Murphy*, 356 Pa.Super. 610, 512 A.2d 730 (1986), *allocatur denied*, 514 Pa. 625, 522 A.2d 50 (1987).

On multiple occasions, the lower court scheduled hearings before a domestic relations officer. Prior to each hearing, an order was entered directing both appellant and appellee to bring to the conference a copy of their most recent Federal Income Tax Return (as filed), pay stubs for the preceding six months, and a completed income and expense statement prepared in compliance with specific directions attached to the order. As this information was not forthcoming, Judge Abood entered a minutely detailed and specific order in January of 1985 aimed at securing the accurate financial information from appellant that was necessary to effectuate economic justice between the parties.

For reasons not expounded in the certified record, the support action was transferred from the Court of Common Pleas of Cambria County to that of Indiana County in April of 1985. The Honorable Robert C. Earley entered an acceptance order on June 28, 1985 ratifying the subject matter jurisdiction of the Court of Common Pleas of Indiana County and directing that all support payments be made through the Indiana County Domestic Relations Section in accordance with the prior Cambria County orders. John D. Gibson continued to serve as the Domestic Relations Officer on the case after the transfer. A complaint in divorce was filed in Indiana County on May 23, 1986. Thereafter, the docket is replete with orders of various types, including contempt citations, which document the lower court's frustration with appellant's repeated refusal to permit an orderly and expeditious end to the instant litigation.

After many and sundry vicissitudes, including multiple changes in appellant's representation and an abortive interlocutory appeal to the Superior Court by appellant, the complete master's report was filed on September 7, 1990. In an opinion and order docketed November 30, 1990, the Honorable Robert C. Earley acknowledged the continued factual disputes between the parties. Nevertheless, after due consideration, Judge Earley rejected appellant's timely filed exceptions. Judge Earley specifically found that the master had acted properly in weighing the testimony presented and in distributing the assets before the court. The lower court opinion explicitly adopted the master's report on the issues of equitable distribution, alimony, attorney's fees and court costs. A timely notice of appeal from the order of November 30th followed. However, the final decree of divorce was not entered until January 7, 1991.

Because of the somewhat irregular procedural posture of this case, it is incumbent upon us to first consider the propriety of reaching the merits of the claims raised. The question of the appealability of an order goes to our jurisdiction to entertain the arguments advanced by the parties. *Fried v. Fried*, 509 Pa. 89, 91, 501 A.2d 211, 212 (1985). "Questions relating to jurisdiction are not waived by the failure of the parties to raise them and may properly be raised by the court *sua sponte*." *Id.* Our inspection of the certified record discloses that although the order of November 30, 1990 unquestionably dismisses appellant's exceptions to the master's report, it neither explicitly mentions equitable distribution nor does it direct appellant to pay the arrearages accumulated because of his failure to comply with the prior orders of support and alimony pendente lite.

 Ordinarily, a right of appeal does not accrue from an order which merely dismisses exceptions to a master's report. *Reed v. Reed*, 354 Pa.Super. 284, 289, 511 A.2d 874, 877 (1986). Although a rigid interpretation of this rule appears to militate in favor of quashal, we are not constrained to interpret the record before us so superficially. Despite the lower court's failure to artfully draft the perti-

nent order, the accompanying opinion patently indicates that Judge Earley intended his order to be a definitive resolution on the question of alimony pendente lite, the accumulated arrearages, and equitable distribution. We recognize that we could remand the case to the trial court for the entry of a new order which reiterates the specific language regarding the arrearages contained in Judge Earley's opinion. However, we decline to impose such a hyper-technical requirement in a case which has already become excessively complex and unduly prolonged.

In the interest of judicial economy we shall obey the directive of our supreme court and "regard as done that which ought to have been done" when the lower court's opinion and order were filed. *McCormick by McCormick v. Northeastern Bank,* 522 Pa. 251, 254 n. 1, 561 A.2d 328, 330 n. 1 (1989). *See also* Pa.R.A.P., Rule 105(a), 42 Pa. C.S.A. (Liberal Construction and Modification of Rules); Pa.R.C.P. Nos. 126 (Liberal Construction and Application of Rules) and 127 (Construction of Rules, Intent of Supreme Court Controls), 42 Pa.C.S.A. In light of the fact that a final decree of divorce has been docketed, and that the opinion and order entered by the lower court on November 30, 1990 was clearly intended to be a final pronouncement on the matters discussed in the opinion, we conclude that the instant appeal is properly before us and that we have jurisdiction to address the merits of the parties' claims. *See also Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986), *allocatur denied,* 515 Pa. 598, 528 A.2d 955 (1987) (although divorce had not been granted at time appeal was taken from interlocutory order resolving economic claims of parties, procedural missteps of counsel and lower court did not prevent appellate review where final decree in divorce was entered during pendency of appeal). We therefore proceed with an analysis of the issues presented.

Appellant raises two claims for our consideration: did the trial court commit abuse of discretion (1) when setting the award of support/alimony pendente lite, and (2) in crafting

an equitable distribution scheme for the parties. In response, appellee argues that (1) the master properly considered the relevant factors in making recommendations to the lower court regarding the equitable distribution scheme; (2) the master carefully reviewed the extraordinary amount of evidence in the case and made proper factual determinations based thereon; and (3) appellant has abused the court system by his delaying tactics and refusal to obey court orders which have turned the instant case into "a legal disgrace." We shall address these assertions *seriatim*.

■ The first part of appellant's argument is that the trial court committed abuse of discretion regarding rulings on the initial support order entered by failing to "properly apply the law" respecting the effect of the prior appeal to the Superior Court, and by "failing to consider all other relevant factors" in crafting the final order relating to alimony pendente lite. Although we have carefully considered the extensive argument appellant has set forth on these points, we are not convinced. It appears that the true difficulty on this question stems from appellant's refusal to understand that the hearing officer, the lower court judge, and the appellate courts of this Commonwealth are not required to blindly accept appellant's own assessment of his ability to pay spousal support.

Appellant first contends that it was error for the trial court to refuse to modify the support order applicable to the time period of August 1983 through August 1985. The support order in question has already been the subject of a ruling by this court. Insofar as appellant's argument concerns the propriety of the lower court's order, we cannot do better than to quote our prior determination on the matter:

> Appellant maintains that the [lower] court's order of support is confiscatory because he does not have sufficient earning capacity to meet his obligation and is, therefore, forced to sell assets. It is the policy of the law "to make all of a husband's resources available for support of his family." *Commonwealth v. Vogelsong*, [311] Pa.Super. 507, [515,] 457 A.2d 1297, 1301 (1983).

The trial court did not accept the Appellant's assessment of his ability to pay spousal support. We agree. Even though the family business may be non-profitable for income tax purposes:

> The net income of a defendant as shown on income tax returns is not to be accepted in a support case as the infallible test of his earning capacity. Particularly is this true where the defendant is in business for himself and is allowed substantial business "expenses," items of depreciation and sundry other deductions which enable him to live luxuriously before spending his taxable income.

*Commonwealth v. Miller*, 202 Pa.Super. 573, 198 A.2d 373 (1964). *Commonwealth ex rel. Maier v. Maier* [274 Pa.Super. 580, 584, 418 A.2d 558, 561 (1980) ]. *Compare: Boni v. Boni*, 302 Pa.Super. 102, 448 A.2d 547 (1982). *Murphy v. Murphy*, 356 Pa.Super. 610, 512 A.2d 730 (1986), *allocatur denied*, 514 Pa. 625, 522 A.2d 50 (1987) (unpublished memorandum at 3). The panel then concluded that the trial court simply had not found appellant's testimony to be credible, and affirmed the lower court's decision. Our supreme court found no justification to interfere with this ruling, nor do we at this late date.

■■■ Appellant next questions the trial court's award of alimony pendente lite for the time period of September 1985 through November 1986. In this regard, appellant cites numerous examples of errors and abuses of discretion allegedly committed by both the special master and by the trial court when interpreting the economic data presented by the parties. The determination of the amount to be awarded, whether of alimony or alimony pendente lite, rests in the sound discretion of the trial court. *Miller v. Miller*, 352 Pa.Super. 432, 441, 508 A.2d 550, 555 (1986). Absent an abuse of that discretion, an appellate court will not disturb the trial court's award. *Id.* In the context of such determinations, the proper employment of judicial discretion includes the mandate to apply the Divorce Code in a compassionate and reasonable manner to effectuate the overriding

goal of achieving economic justice between the parties. *See, e.g., O'Callaghan v. O'Callaghan,* 389 Pa.Super. 319, 567 A.2d 308 (1989), *allocatur granted,* 527 Pa. 602, 589 A.2d 692 (1991); *Dyer v. Dyer,* 370 Pa.Super. 377, 536 A.2d 453 (1988), *allocatur denied,* 519 Pa. 654, 546 A.2d 58 (1988). We note that although a master's report is entitled to great consideration, the trial court is not bound by it. *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 349, 516 A.2d 10, 15 (1986).

We have carefully examined and considered the voluminous certified record transmitted in this case from both Cambria and Indiana Counties. This record leaves no doubt that appellant and appellee disagree regarding the resources commanded by appellant or the economic need experienced by appellee. However, the record also patently demonstrates that the special master and the trial judges in both counties found appellant to be a non-credible witness.

It is a striking feature of the certified record in this case that documentation needed to support appellant's factual allegations is wholly lacking. An appellate court may consider only facts which have been duly certified in the record on appeal. *Button v. Button,* 378 Pa.Super. 142, 145, 548 A.2d 316, 318 (1988), *citing Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); *Barner v. Barner,* 364 Pa.Super. 1, 9, 527 A.2d 122, 126 (1987). A paper does not become part of the *certified* record simply by copying it and placing it in the *reproduced* record. *Dorn v. Stanhope Steel, Inc.,* 368 Pa.Super. 557, 563 n. 1, 534 A.2d 798, 801 n. 1 (1987), *allocatur denied,* 518 Pa. 656, 544 A.2d 1342 (1988). In contrast to appellant's assertions, we find no indication in the certified record that the lower court committed any abuse of discretion in connection with the award of alimony pendente lite for the time period of September 1985 through November 1986.

Sub-part three of appellant's first issue contests the propriety of the lower court's ruling on alimony pendente lite between October of 1987 and December 1989. We

agree with appellant that an order of support or alimony pendente lite should be fair and non-confiscatory. *Commonwealth ex rel. Maier v. Maier*, 274 Pa.Super. 580, 418 A.2d 558 (1980). However, we cannot agree with appellant's contention that the trial court made no factual findings and proffered no explanation for the basis of the award in the instant case. The master's report adopted by the lower court is a lengthy document bound in three volumes which is replete with documentation, factual findings, and explanations which provides more than sufficient basis and justification for Judge Earley's ruling. Again, although appellant patently disputes the data supplied by appellee, it is equally patent that the lower court does not find appellant to be a credible witness and is unwilling to rely on his testimony. Having carefully scrutinized the master's report, we find no indication that Judge Earley committed abuse of discretion and we affirm the action of the lower court.

The thrust of appellant's second claim is that the trial court committed abuse of discretion in making its order of equitable distribution by assigning incorrect values to certain marital property, by making duplicate dispositions of property, and by designating separate property as marital property. In this vein, appellant raises the following six sub-issues:

1. It was an abuse of discretion to value the assets of Johnstown Truck & Tractor, Inc., at $43,297 and require Husband to pay Wife one-half of the liabilities of the corporation.

2. It was an abuse of discretion to find that a John Deere franchise was a marital asset and value it at $25,000.

3. There is no legal power to award Wife the personal property in the farm house and residence without excluding improvements and property purchased by Husband after separation which was not marital property and to fail to value the personal property awarded to Wife.

4. There is no factual basis for the finding that on the date of separation the truck and tractor bank account had $10,000, and an award to Wife in any amount is duplicative of other items awarded.

5. The separate award of "used car and truck inventory" was a duplication of the award of the corporate asset.

6. It was an abuse of discretion to award Wife the net rental income from the farmhouse and marital residence when that income was imputed to Husband for purposes of the alimony pendente lite award.

The arguments underlying all six of these sub-claims are similar and can be summarized as follows: (a) this case has been pendent for a great length of time and the master was confronted with an enormous mass of economic information, naturally leading the master into numerous errors which were unfairly and improperly adopted by the trial court; (b) important assets were never assigned any value; (c) the trial court did not have competent evidence before it to reach the conclusions drawn; (d) the trial court unfairly and improperly gave too much weight to the evidence presented by appellee, particularly in assigning value to assets such as the corporate airplane; (e) both the special master and the trial court failed to take into account the general business decline experienced by the greater Johnstown area during the pendency of this action; (f) neither the special master nor the trial court accepted tax returns and other exhibits and testimony presented by appellant as dispositive statements regarding the value of appellant's assets and the level of his economic power; and (g) the equitable distribution order "double charges" appellant for certain assets and cash sums awarded to appellee.

▬ Our scope of review in equitable distribution matters is limited. *Lyons v. Lyons*, 401 Pa.Super. 271, 276, 585 A.2d 42, 45 (1991). It is well established that "absent an abuse of discretion on the part of the trial court, we will not reverse an award of equitable distribution." *Hill v. Hill*, 401 Pa.Super. 183, 185, 584 A.2d 1040, 1041 (1991),

*citing Hovis v. Hovis,* 518 Pa. 137, 541 A.2d 1378 (1988). When reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate justice and we will find an abuse of discretion only if the trial court has misapplied the law or failed to follow proper legal procedures. *Lyons v. Lyons, supra,* 402 Pa.Superior Ct. at 276, 585 A.2d at 45. The finder of fact is entitled to weigh the evidence presented and assess its credibility. *Williamson v. Williamson,* 402 Pa.Super. 276, 286, 586 A.2d 967, 972 (1991). The factfinder is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below. *Id.*

 As we have already commented, appellant and appellee clearly disagree on virtually every fact connected with this case. However, factual disputes are left to the trial court for resolution. *Id.* Simply put, neither the special master nor the lower court judges who have considered the matter are willing to give much credence to the evidence submitted by appellant. Mindful of the standards governing our review of appellant's equitable distribution claims, we have carefully scrutinized the entire certified record. We have discerned no legal or procedural errors affecting the substantive rights of the parties nor have we found any indication that the lower court has committed any abuse of discretion. In accordance with the foregoing, we affirm the order of November 30, 1990 and direct appellant to comply therewith.

 As a separate and additional matter, appellee has requested this court to impose counsel fees and costs against appellant in light of his "abuse of the legal process." Although we have carefully reviewed the certified record before this panel, we cannot unequivocally characterize appellant's behavior as "dilatory, obdurate or vexatious" within the meaning of Pa.R.A.P., Rule 2744, 42

Pa.C.S.A.[1] Nor can we deem the instant appeal to be "frivolous" as that term is defined under Rule 2744. While we recognize that this litigation has been complex and protracted, appellee has not presented us with specific examples of conduct for which appellant clearly deserves to be penalized. *See Williamson v. Williamson, supra* (a litigant should not be discouraged from the proper exercise of appellate rights for fear that sanctions will be imposed). Nevertheless, we caution appellant that multiple appeals, taken for the purpose of delay, which focus on issues that have already been resolved, or which present arguments running counter to well settled rules of law will be deemed "frivolous" by this court. Such appeals are the proper subject for sanctions under Rule 2744. *See, e.g., Jackson v. Modern Mailers, Inc.,* 371 Pa.Super. 178, 537 A.2d 878 (1988); *Coraluzzi v. Commonwealth,* 105 Pa.Commw. 305, 524 A.2d 540 (1987). We further caution appellant that an appeal is considered "frivolous" and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success. *Richland School District v. Richland Education Association,* 124 Pa.Commw. 459, 462, 556 A.2d 531 (1989). To do otherwise would be to reward an unreasonable prolongation of the contest. *Id. See also Washington Twp. Municipal Authority v. Pennsylvania Labor Relations Board,* 131

---

1. Rule 2744 is, of course, not the only avenue of redress open to an aggrieved party suffering from the dilatory, obdurate and vexatious conduct of an opposing litigant. Section 2503 of Title 42 empowers the trial court to impose sanctions in the form of counsel fees and costs against litigants who indulge themselves in unreasonable vendettas at the expense of permitting speedy and just resolution of legal matters. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Allen,* 375 Pa.Super. 319, 326, 544 A.2d 491, 494 (1988) (in general, where the record supports the lower court's *finding of fact* that the conduct of one party was in bad faith, an award of counsel fees will not be disturbed absent an abuse of discretion); *Brenckle v. Arblaster,* 320 Pa.Super. 87, 466 A.2d 1075 (1983) (same). *See also Richland School District v. Richland Educational Ass'n,* 124 Pa.Commw. 459, 556 A.2d 531 (1989) (party which vexatiously disobeyed trial court's order and caused petitioner to incur attorney fees in bringing contempt proceeding was liable for petitioner's attorney fees, notwithstanding belated compliance with court's order which prevented ultimate finding of contempt).

Pa.Commw. 36, 43, 569 A.2d 402, 405 (1990), *allocatur denied,* 525 Pa. 652, 581 A.2d 577 (1990) (an appeal is "frivolous" so as to warrant imposition of Rule 2744 sanctions "when the realistic chances of ultimate success are slight and continuation of the contest is unreasonable").

Order affirmed.