**Rosalie A. DALESSIO**

v.

**Samuel J. DALESSIO**

v.

**Douglas Dalessio, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 2002

Filed Aug. 22, 2002.

ing his prior testimony and asserting inno-

Alexander J. Jamiolkowski, Pittsburgh, for Douglas Dalessio, appellant.

John Harshman, Pittsburgh, for Rosalie A. Dalessio, appellee.

Before: MUSMANNO, ORIE MELVIN and TAMILIA, JJ.

MUSMANNO, J.

¶ 1 This is an appeal from the Order entered denying the Petition for special relief of Appellee Samuel L. Dalessio ("Husband"), and refusing to dismiss Appellant/third party Douglas Dalessio ("Son") as a party to the action. The trial court also granted an award of alimony *pendente lite* ("APL") to Appellee Rosalie A. Dalessio ("Wife"), until the final Order of equitable distribution is executed. We reverse in part as to Son's obligation to pay APL.

¶ 2 This matter is the later of two recent appeals in the prolonged litigation between the parties. This Court has summarized the relevant facts and procedural history of this case as follows:

[Husband and Wife] were married on February 12, 1967. Wife filed a divorce complaint on August 30, 1988. [In counts four and five of her divorce complaint, Wife raised separate claims for alimony and APL.] On January 28, 1993, a divorce was granted and the parties became embroiled in a lengthy dispute over the equitable distribution of marital property. The parties' son ... was joined as an additional defendant in 1995.

On April 12, 1995, the master, who was appointed to hear the economic claims, issued his opinion that recommended Wife receive 60% of the marital property and Husband 40%. The master also recommended the continuation of an existing award of [APL] in the

cence).

amount of $1,000 per month plus $500 per month towards arrears pending Wife's receipt of her distributive share of the marital property. Exceptions were filed by all of the parties. On April 12, 1995, the trial court adopted the master's recommendations in their entirety with the exception of the [APL] award. The court reduced the award to $500 per month due to Husband's "changed financial position." No appeal was taken from the April 12, 1995 order.

[On April 24, 1995,the trial court entered an order, which amended the April 12, 1995 order to include the following:

[ ] This Court does not consider this to be a final order. A final order shall be issued after the report of the certified business appraiser is received and all matters relating thereto finalized.]

On July 12, 1996, the court ordered Husband and Son to transfer to Wife various assets comprising her distributive share as specified in the April 12, 1995 order. Wife filed an emergency petition for contempt after 45 days had passed and nothing was transferred. A hearing was set for September 17, 1996. However, on that date, Husband and Son filed a petition under Chapter 7 of the U.S. Bankruptcy Code and all proceedings were stayed. On December 30, 1996, the petitions were dismissed by the U.S. Bankruptcy Court.

On January 10, 1997, Wife filed an updated contempt petition, and a hearing was set for February 6, 1997. On January 31, 1997, Husband and Son, once again, filed petitions under Chapter 7 of the U.S. Bankruptcy Code and all proceedings were stayed. On April 3, 1997, the petitions were dismissed by the U.S. Bankruptcy Court.

On April 9, 1997, Wife filed a petition for counsel fees and reinstated her contempt petition. On June 6, 1997, the court set the value of Husband's businesses at $385,120 and confirmed a lump sum award to Wife of 60%. Also, on June 6, 1997, Husband's motion to modify [APL] was denied, and Husband was found in contempt for having continued to dissipate marital assets. Husband was ordered to pay $10,000, and he was scheduled to be incarcerated. Husband avoided incarceration by paying Wife $10,000. Wife's claim for counsel fees was denied.

On August 1, 1997, Wife filed another contempt petition based on Husband's failure to comply with the June 6, 1997 order relative to Wife's ultimate award of 60% of the marital assets. On August 7, 1997, the trial court denied Wife's petition without prejudice to seek a judgment against Husband and Son. Wife also filed a petition for contempt and a petition for modification of support. A hearing was scheduled for December 8, 1998 on Wife's petitions. Judgment on the cash distributions [of Wife's share of the marital estate] was entered on July 28, 1998.

On December 7, 1998, Husband and Son again filed petitions for relief under the U.S. Bankruptcy Code. Both petitions include Wife as a creditor among all of their outstanding debt to be discharged in bankruptcy. All of the bankruptcy proceedings were stayed until July 8, 1999 when relief from stay was entered by the U.S. Bankruptcy Court.[1]

On October 5, 1999, this matter was re-listed and continued by the trial court until November 24, 1999. On November 23, 1999, Husband and Son advised the court that they did not have any attorney, and the case was continued to January 26, 2000. Counsel entered an appearance and an additional continuance was granted. Another continuance was granted at Wife's request.

---

1. Husband's bankruptcy case was dismissed on July 19, 2000.

This matter came to trial on April 6, 2000 and a second day of trial took place on June 8, 2000. On August 10, 2000, the trial court modified the [APL] award to $2,700 per month so as to meet Wife's reasonable needs, and the court also provided for an allocation of the recapture of arrears in the amount of $77,000 to be paid at the rate of $500 per month. The court denied Wife's claims for modification of the equitable distribution award.

*Dalessio v. Dalessio et al.,* No. 1537 WDA 2000 (Pa.Super.2002) (unpublished memorandum).

¶ 3 Husband and Son appealed from the trial court's modification of the APL award, which this Court affirmed. *Id.*

¶ 4 On January 11, 2001, the trial court found both Husband and Son in contempt of the August 10, 2000 Order, and directed that they be incarcerated, absent the payment of a purge condition. Husband and Son sought reconsideration on January 30, 2001, which the trial court denied. No appeal was taken from the January 11, 2001 contempt order. Husband and Son met the required purge conditions on March 1, 2001, immediately prior to their incarceration.

¶ 5 On April 6, 2001, Son filed a Petition for special relief *sub judice.* Son requested that the trial court dismiss him as a party, revoke the APL order, and enter a final appealable alimony order. In addition, Son requested reimbursement of all monies paid to Wife and attorney's fees. On June 5, 2001, the trial court denied Son's Petition and converted the APL award to alimony *sua sponte.* This timely appeal followed.[2]

¶ 6 On appeal, Son raises the following issues:

1. In a divorce proceeding, after the Plaintiff elects to enter a money judgment against the third party defendant, who is not a spouse and who allegedly received marital assets for little or no consideration, whether that third party defendant has a duty or legal obligation to provide spousal support in the form of APL?

2. Whether the trial court erred in ordering the third party defendant to pay APL based solely upon the Master's Findings, where the trial court failed to conduct a *de novo* hearing to determine the rights and obligations of the third party defendant?

Brief for Appellant at 5.

¶ 7 Our standard of review for awards of APL is well settled. If an order of APL is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court. *Jayne v. Jayne,* 443 Pa.Super. 664, 663 A.2d 169, 176 (1995).

¶ 8 In addressing whether the trial court abused its discretion in obligating Son to pay a portion of the APL award, we refer to the following relevant sections of the Divorce Code. The Divorce Code provides

---

**2.** Pursuant to Pa.R.A.P. 341, an appeal may be taken as of right from any order that ends the litigation as to all claims and as to all parties. In this case, prior to the June 5, 2001 Order, the trial court entered several orders with regard to equitable distribution of the marital assets and APL. However, on June 5, 2001, the trial court entered a final order resolving Wife's claim for alimony, the last pending economic issue between the parties. Because the June 5, 2001 Order has been appealed after a divorce decree has been entered, and all economic claims have been resolved, the June 5, 2001 Order is appealable as a final order in this matter. Pa.R.A.P. 341(b)(1); *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986) (holding that this Court cannot review an order for alimony or equitable distribution of the marital property until it has been rendered a final order by the entry of a divorce decree).

that *married persons* are liable for the support of each other according to their respective abilities to provide support as provided by law. *See* 23 Pa.C.S.A. § 4321 (relating to liability for support). "APL" is defined as an order for temporary support granted to a *spouse* during the pendency of a divorce or annulment proceeding. *See* 23 Pa.C.S.A. § 7101(b) (relating to short title of part and definitions).

¶ 9 Based on our review of the Divorce Code, we conclude that the trial court abused its discretion by obligating Son to pay APL, as this obligation rests solely upon married persons. We acknowledge that the trial court may use its equitable powers "in a compassionate and reasonable manner to effectuate the overriding goal of achieving economic justice between the parties." *Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647, 651 (1991). Nevertheless, we conclude, however reluctantly, that the trial court is without authority to obligate Son to pay APL to Wife. *Id.* Accordingly, Husband, rather than both Husband and Son, is solely responsible for the total sum of the monthly APL award and the arrearage.[3]

¶ 10 Order refusing to dismiss Son as a party to the action reversed.

---

**3.** We observe that the trial court determined the APL award based on Wife's needs and her standard of living prior to the divorce action, rather than the actual earnings of Husband and Son. Trial Court Opinion, 8/10/00, at 7–8. At the support modification hearing, the trial court was not able to assess the actual earnings of Husband and Son because the trial court found Husband, Son, and Son's wife "to be totally lacking in credibility." *Id.* at 4–6. Specifically, the trial court emphasized in its opinion that it "[had] not been faced with a more dishonest and designing trio." *Id.* at 5. In addition, the trial court indicated "that

[a] portion of the marital estate awarded to [Wife] has not been received and has been dissipated by [Husband] and [Son];" thus, "any income that would be generated by these assets has been lost." *Id.* at 7. Because the support guidelines' formula for calculating APL was inapplicable as the trial court could not assess Husband's income and Son's income, the trial court based its modification of APL on Wife's needs and her prior standard of living. *See* Rule 1910.16–4, Part IV (setting forth a specific formula for calculating a spousal support or APL obligation when the parties are without dependent children).