J-A33013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CORETTA R. HAIRE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK V. HAIRE | |
| Appellant | No. 688 EDA 2014 |

Appeal from the Decree of February 7, 2014
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No.: March Term 2005 No. 8565

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED JANUARY 20, 2015**

Mark Haire ("Husband") appeals the trial court's February 7, 2014 divorce decree and equitable distribution order.  For the reasons set forth below, Husband has waived the issues set forth in his brief.  Accordingly, Husband is not entitled to any form of relief.  Moreover, for the reasons set forth herein, we grant Coretta Haire ("Wife") relief in the form of additional counsel fees.  We remand this case to the trial court for the limited purpose of setting reasonable counsel fees to be paid by Husband.

On April 1, 2005, Coretta Haire ("Wife") filed a complaint in divorce, in which Wife included claims for equitable distribution, alimony, and counsel fees.  Husband filed an answer, in which he also raised claims for equitable

_____

[*]     Retired Senior Judge assigned to the Superior Court.

distribution, alimony, and counsel fees. The matter proceeded initially before a Permanent Master in Divorce, who filed a report addressing the claims raised by the relevant parties. Thereafter, Husband filed a praecipe for a trial *de novo*. On October 16, 2012, the trial court held a *de novo* hearing. On 2/7/2014, the trial court entered a divorce order, in which the court disposed of all of the parties' economic claims. In that order, the trial court summarized the basic factual history of this case in its divorce decree in pertinent part as follows:

> The parties were married on November 22, 1997, and their final date of separation was March 25, 2005, approximately seven-and-one-half years later. The parties also separated in 2002, but reconciled thereafter, in addition to a few other brief periods of separation.
>
> These parties are the parents of three children: [M.H.], born [in June 1993]; [D.H.], born [in February 2000]; and [Ma.H,] born [in June 2002]. Wife is the custodial parent of the two younger children, and she is the recipient of a child support order for the two children [] in the amount of $768.88 monthly, with arrears totaling approximately $2,500.00.
>
> Wife was born on June 17, 1970 and [was at the time of the hearing] forty-three years old. Wife testified that she was previously employed as a certified nursing assistant, and her greatest annual earnings from that position totaled approximately $35,000.00 gross income. As a result of an injury sustained in July, 2012, Wife testified that she was unemployed and not receiving any income, although she had a Worker's Compensation claim that was pending. Wife described her injuries as upper neck and middle back injuries. Wife stated [that] friends were assisting her [in] meeting her living expenses, pending the resolution of her Worker's Compensation claim.
>
> Husband was born on February 14, 1967, and [was at the time of the hearing] almost forty-seven years old. Since June 2001, Husband has been continuously employed by the Water

Department of the City of Philadelphia. Husband described his position as "water repair," and stated that he was assigned to the shut off unit. His base salary is $35,000.00. Husband stated [that] in 2011, he earned $51,021.00 gross income from his employment with the City, which included his overtime pay, which amount was consistent with his previous earnings from his job with the Water Department.

Clearly, even when Wife was employed, Husband's earnings exceeded that of Wife, apparently as a result of his overtime pay. Unlike Wife who does not have retirement benefits other than her participation in Social Security, Husband is a participant in the multitude of benefits from his employment with the City of Philadelphia, including retirement and health insurance benefits.

Wife resides at 6239 Tackawanna Street, Philadelphia, with the two minor children of the marriage. Wife is the custodial parent of the minor children, who attend public school. Wife pays a monthly mortgage on the Tackawanna Street property in the amount of $805.00, which amount includes real estate taxes and insurance.

Husband testified that he resides [in a home located] at 8661 Williams Avenue, Philadelphia, Pennsylvania, with his brother, Cleveland Haire, Cleveland's wife, and Cleveland's two children. This property is not subject to any mortgage. Wife disputed that Husband resided at 8661 Williams Avenue, and testimony was presented on this issue.

The parties' oldest child, Mark, Jr., testified that he had lived with Wife until he was [seventeen] years old and then moved into the basement of 8661 Williams Avenue with Husband, Husband's girlfriend Dena, and their child: Malachi. Mark Jr. further testified that several months prior to the [*de novo*] hearing, Husband, Dena, Malachi and he moved to 4120 Stenton Avenue, which is a property owned by Dena's father. Mark Jr. stated that Husband's brother, Cleveland Haire, along with Cleveland's family, resided in the upstairs unit at 8661 Williams Avenue.

Cleveland Haire, Husband's brother, testified that Husband does reside in the basement apartment. Cleveland further stated that since 2010, Cleveland's family has resided in the upstairs apartment. Cleveland testified that he does not pay rent to Husband, but he pays all of the utilities for the property, so Husband has no utility expense for his basement apartment.

- 3 -

Cleveland and his wife are both employed by the federal government.

Husband stated that he primarily resides in the basement of Williams Avenue, although he frequently stays with Dena and his two sons (Mark, Jr. and Malachi) at the Stenton Avenue property. Husband acknowledged that his brother paid all of the utility expenses. Husband testified that he failed to pay the real estate taxes on the Williams Avenue property because of his legal fees for this litigation.

Order, 2/7/2014, at 2-4. With respect to the property located at 8661 Williams Avenue, the trial court set forth the following discussion:

This property was purchased for $46,000.00 on June 11, 1997, approximately five months prior to the parties' marriage on November 22, 1997. The parties had already been living together for some years at the time of this purchase. As stipulated, Husband purchased the property with $46,000.00 that he received from a Worker's Compensation commutation settlement, which Husband also received before the marriage. This property was not subject to a mortgage, either at the time of purchase or at the time of the [divorce] hearing. At the hearing before [the trial court], Husband stipulated that the property was marital. However, during the proceedings before the Master, the title and ownership of this property was a contentious issue [].

At the time of its original acquisition, the property was titled in the name of "Lynette McMichael, trustee for [Husband]." On March 11, 1999, which was after the date of marriage, a new deed was recorded whereby title was placed in the name of "Lynette McMichael, trustee for [Husband], and [Wife]." The language found in the deed, this second indenture provided that said property was held:

"IN TRUST, nevertheless to let, demise and manage the premises hereinafter described, to receive and collect the rents and profits therefrom and after the payment of taxes, cost of repair and maintenance, insurance, mortgage interest and amortization and all proper and legal charges, to take, appropriate and pay over the whole of the net income to [Husband], and [Wife], for and during the term of their natural lives.

- 4 -

FURTHER, the trustee shall have the power to sell, convey, mortgage or otherwise encumber the said premises, clear and discharge of the herein created trust, and to execute, acknowledge and deliver such deeds, . . . upon such terms and for such price or amounts as the said trustee shall determine in her sole discretion. . . .

AND, upon the death of the said Lynette McMichael, Trustee title to the aforementioned premises or the proceeds of sale thereof shall vest in [Husband], and [Wife], their heirs and assigns in fee simple, free and discharged of and from any and all trusts whatsoever."

\*   \*   \*

During the proceedings conducted by the Master, the status of the deed of record for this property was questioned with respect to whether the deed dated March 11, 1999 had been replaced by a subsequent deed executed and recorded without Wife's agreement. At the request of the Master in Divorce, the Administrative Order of December 8, 2010 was entered which provided that "Husband shall produce documentation relating to any actions taken by himself or by Lynette McMichael for purposes of setting aside the existing deed for 8661 Williams Avenue, Philadelphia, Pennsylvania, dated March 11, 1999, whereby that property is titled in the name of Lynette McMichael as trustee for Husband and Wife." At the Master's request, another Administrative Order was entered on March 11, 2011, which granted leave for Husband to join his sister as an Additional Defendant, or in the alternative leave was granted for her to intervene in this manner. That Order further provided that: "It shall be understood that if Lynette McMichael fails to perfect her claim to the aforesaid real estate in this action by the expiration of sixty (60) days following the date hereof, premises 8661 Williams Avenue, Philadelphia, Pennsylvania, shall be regarded as marital property in its entirety, to the exclusion of any equitable interest therein by Lynette McMichael."

No action was ever taken by Ms. McMichael as a consequence of that Order. Therefore, in keeping with the terms thereof, the Master treated the Williams Avenue premises as marital property that is subject to equitable distribution. **At the hearing before [the trial court], Husband stipulated that this entire property was marital and subject to equitable distribution**, which is clearly consistent with all of the evidence in this case.

- 5 -

Order, 2/7/2014, at 10-12 (emphasis added). In the February 7, 2014 order, the trial court established an equitable distribution plan, the details of which are immaterial to our disposition of this case.

On March 5, 2014, Husband filed a notice of appeal. On March 7, 2014, the trial court directed Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before March 28, 2014. Husband had filed an action in bankruptcy, which he purportedly believed stayed all active legal burdens and proceedings, including his obligation to file timely a concise statement. Thus, Husband did not file his concise statement within the trial court's deadline. The initial bankruptcy action was dismissed due to some defect in the bankruptcy filing. However, Husband filed a second bankruptcy action on April 9, 2014, which he again believed stayed all legal proceedings, including this appeal. Despite believing that the proceedings were on hold, Husband nonetheless filed a facially tardy concise statement on May 12, 2014. On June 11, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Presently, Husband raises two questions for our review:

1. Was the [trial court's] holding that 8661 William Avenue[,] Philadelphia, PA 19150, was marital property subject to equitable distribution [] an error?

2. Further and in the alternative, [was the trial court's] calculation of the value of the marital property portion of 8661 William Avenue[,] Philadelphia, PA 19150 [] an error[?]

Brief for Husband at 5.

- 6 -

The glaring and difficult question in this case is whether Husband's filing of bankruptcy proceedings stayed the instant appeal such that the facial tardiness of his Rule 1925(b) statement could be excused. However, because Husband has waived the two issues that he has raised in this appeal for different reasons, we need not address the more complicated question. Thus, for ease of disposition, it does not matter if Husband's issues are waived due to an untimely Rule 1925(b) statement.

Rule 302(a) of the Pennsylvania Rules of Appellate Procedure states: "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **Willoughby v. Willoughby**, 862 A.2d 654, 659 (Pa. Super. 2004); **Weir v. Weir**, 631 A.2d 650 (Pa. Super. 1993). Our Supreme Court has explained the vital necessity of preserving an issue in the first instance in the trial court as follows:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that '[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. **Lincoln Philadelphia Realty Assoc. v. Bd. of Revision of Taxes of Philadelphia**, 758 A.2d 1178, 1186 (Pa. 2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. **Wing v. Com. Unemployment Comp. Bd. of Review**, 436 A.2d 179, 181 (Pa. 1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. **See generally Dilliplaine v. Lehigh Valley Trust Co.**, 322 A.2d

114, 116–17 (Pa. 1974). Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-12 (Pa. 2010) (citations modified).

Moreover, it is axiomatic that "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." *Thompson v. Thompson*, 963 A.2d 474, 475-76 (Pa. Super. 2008). "On appeal [this Court] will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." *Id.* at 476.

Instantly, Husband's first stated issue challenges the trial court's determination that the property situated at 8661 Williams Avenue constituted marital property for the purposes of equitable distribution. However, Husband stipulated at trial that the property was marital property. His concession of that fact, or the failure to otherwise contest an issue in any manner, necessarily results in waiver of the issues that he is pursuing in this appeal. As noted above, a litigant must object or otherwise contest a fact or issue at the appropriate time in the trial proceedings in order to preserve the issue for our review. Because Husband failed to do so, his challenge to the trial court's determination that the property was a marital asset is waived.

Husband does not separate his argument into two distinct arguments, one for each question stated, as is required by Pa.R.A.P. 2119(a) ("[t]he

argument shall be divided into as many parts as there are questions to be argued"). Thus, it is difficult to discern where his first argument ends, and where the second begins. Nor does Husband point to the location in the record where he preserved such an argument, which also violates our briefing rules. *See* Pa.R.A.P. 2119(c).

Regardless, Husband appears to concede the point that he sets forth in his statement of the question presented. Husband questions whether the trial court erred in calculating the value of the marital property situated at 8661 Williams Avenue. Brief for Husband at 5. However, in his argument, Husband states that he "is not pressing the issue that the [trial court's] valuation of the fair market value of Williams Street as a piece of real estate is incorrect." Brief for Husband at 17.

Husband nonetheless advances the argument that he only possesses a remainder interest in the property, being that it is deeded to Lynette McMichael, and that presently there is no value in such an interest. This argument is waived for lack of development.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002); *see* Pa.R.A.P. 2119(a) (each point in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent"). "It is not this Court's function or duty to become an advocate for the [A]ppellant." *Commonwealth v. Birdseye*, 637 A.2d 1036, 1043

(Pa. Super. 1994). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *Estate of Lakatosh*, 656 A.2d 1378, 1381 (Pa. Super. 1995) (an appellant waives issues where corresponding argument in brief includes only general statements without appropriate citation to authority); *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (same).

Herein, Husband does not cite a single binding authority in support of any pillar of his argument. Husband does not establish with relevant authority that the interest that he possesses is in actuality only a remainder interest, or that such an interest has no value for equitable distribution purposes. We will not develop Husband's argument for him. Consequently, this issue is also waived for purposes of this appeal.

Finally, we must address Wife's request for additional counsel fees associated with the costs of this appeal. *See* Brief for Wife at 15-19. Pursuant to Pa.R.A.P. 2744:

> an appellate court may award as further costs damages as may be just, including:
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The

appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule."

Pa.R.A.P. 2744. "An appeal is not frivolous simply because it lacks merit." *Winpenny v. Winpenny*, 643 A.2d 677, 680 (Pa. Super. 1994) (citing *Marino by Marino v. Marino*, 601 A.2d 1240 (Pa. Super. 1992)). "A claim is frivolous, however, if it has no basis in law or fact. . . . Allowing [an appellant] to continue to utilize the courts to pursue fruitless claims at the expense of not only the opponents significantly, but also the public, will not be tolerated." *Id.* Appeals that are taken for the purposes of delay and involve "issues that have already been resolved, or which present arguments running counter to well settled rules of law will be deemed 'frivolous' by this Court. Such appeals are the proper subject for sanctions under Rule 2744." *Murphy v. Murphy*, 599 A.2d 647, 654 (Pa. Super. 1991) (citations omitted). Finally, in *Murphy*, we cautioned delay-focused litigants that "an appeal is considered 'frivolous' and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success." *Id.* (citations omitted). We explained that "[t]o do otherwise would be to reward an unreasonable prolongation of the contest." *Id.* (citations omitted).

Herein, Husband implicitly admits that the core issue on which he sought our review, *i.e.*, whether the property in question was a marital asset, was waived. Husband repeatedly concedes that he stipulated to that fact at the *de novo* trial. *See* Brief for Husband at 12-13. Additionally, as

- 11 -

noted above, Husband has not offered to this Court any binding or relevant case law or statutory law in support of his second argument. Hence, we have little difficulty in declaring Husband's appeal to be frivolous, because his issues find no support in either fact or law. *See Winpenny*; *Murphy*, *supra*.

Not only is Husband's appeal frivolous, it is also the next step in his transparent attempts to delay this case, which were apparent from the outset. The examples of his delay tactics have been well-documented by the Master and the trial court in this case, both of whom believed the award of counsel fees was warranted for Husband's actions before those respective fact-finders. The Master, in awarding fees, explained as follows:

> Given the overall economic circumstances of the parties and the amount Wife is receiving through equitable distribution, the Master would ordinarily be disinclined to recommend any counsel fees in a case such as this. However, it seems clear that throughout this litigation Husband has forced Wife to incur otherwise avoidable legal fees by adopting a position of unrelenting intransigence.
>
> [Wife's attorney] represented that he has thus far appeared on Wife's behalf in a total of twenty-six different hearings. Many, if not most of these, related to child custody and support (which were also heavily litigated), and fees relating thereto are not recoverable in this proceeding. Still, in the divorce itself, Husband forced Wife into a hearing on the diamond ring and then sold it during the pendency of those proceedings. After the first listing in this matter, an Administrative Order was entered which delineated what would be needed for the second listing, but while Wife complied therewith, Husband produced nothing (not even his most recent income tax return as had been mandated in the Order).
>
> Husband's mindset towards this matter was reflected by the fact that after three hearings and his rejection of the Master's

- 12 -

> recommendation (which he clearly had a right to do), he simply reverted back to his original position that Wife should receive nothing from him, or at best a *de minimis* amount. Even at that point, he seemed unwilling to accept the concept that his pension is subject to equitable distribution (let alone that she has rights with regard to the Williams Avenue Property).

Master's Report, at 16. The trial court agreed with the Master's assessment of Husband's tactics and awarded Wife counsel fees associated therewith. Order, 2/7/2014, at 21.

Based upon the frivolousness of Husband's appeal, we can only conclude that this appeal is another step in Husband's attempt to delay paying Wife any of the money owed to her. Consequently, we conclude that Wife is entitled to counsel fees pursuant to Pa.R.A.P. 2744. We remand this case to the trial court to determine, and thereafter to set, a reasonable amount of fees to be paid to Wife.

Order affirmed.[1] Case remanded for determination of counsel fees. Jurisdiction relinquished.

---

[1] Wife has filed with this Court a motion to quash Husband's appeal, on the basis that Husband has waived all of his issues due to his untimely Rule 1925(b) statement. Because of our disposition finding Husband's issues to be waived for different reasons, we deny Wife's motion to quash.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2015