J-S67017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.M.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| C.S. | |
| Appellant | No. 85 MDA 2015 |

Appeal from the Order Entered December 16, 2014
In the Court of Common Pleas of Cumberland County
Domestic Relations at No(s): 00669 S2002
PACSES #639104710

| | |
|---|---|
| K.M.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.S. | |
| | No. 102 MDA 2015 |

Appeal from the Order Entered December 16, 2014
In the Court of Common Pleas of Cumberland County
Domestic Relations at No(s):  00669 S 2002
PACSES NO. 639104710

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 09, 2016**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In this consolidated cross-appeal, K.M.W. ("Mother") and C.S. ("Father")[1] contend that the trial court erred in its calculation of child support for the parties' child. After careful review, we affirm.

In 2007, a panel of this Court described the procedural history of this case as "long and tortured." *See K.M.J. v. C.S.*, No. 1452 MDA 2005, at 1 (Pa. Super. 2007) (unpublished memorandum). Suffice it to observe that the history has not gotten any shorter or less tortured over the intervening years. After that panel affirmed the award of counsel fees to Mother from Father, the parties agreed to a suspension of child support payments from Father to Mother. *See K.M.S. v. C.S.*, No 263 MDA 2014, at 4 (Pa. Super. 2014) (unpublished memorandum). As the subsequent panel of this Court observed,

> [e]verything between the Parties remained relatively calm until July 2, 2012, when [Mother] filed a new Complaint for child support. After the initial conference, [Father] was found to owe child support to [Mother]. Due to the complexity of the case, [Mother] was permitted discovery in order to prepare for the *de novo* hearing. [Father] initially failed to comply with these discovery requests, requiring [Mother] to file a Motion to Compel and a Motion for Sanctions. After a hearing in front of the Support Master, [Father] was assessed a support obligation in the amount of $509.00 per month, plus $51.00 per month on arrears. Both parties filed exceptions …

*See id*., at 4-5. That panel also affirmed an award of counsel fees to Mother from Father.

_____

[1] Father is proceeding *pro se* in this appeal.

- 2 -

Currently before this panel is the trial court's order denying Father's exceptions to the Support Master's recommendations, and granting in part and denying in part Mother's exceptions. We will address Father's appeal first, and then Mother's cross-appeal.

Our standard of review of modifications to a child support award is well settled. A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion or a misapplication of the law. *See Morgan v. Morgan*, 99 A.3d 554, 559 (Pa. Super. 2014), *appeal denied*, 113 A.3d 280 (Pa. 2015). "We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order." *Id*. (citation omitted). "[A]n abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Portugal v. Portugal*, 798 A.2d 246, 249 (Pa. Super. 2002) (citations omitted).

An award of support, once in effect, may be modified *via* petition at any time, provided the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. *See* Pa.R.Civ.P. 1910.19(a). "The burden of demonstrating a material and substantial change rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party

- 3 -

rests within the trial court's discretion." **Kimock v. Jones**, 47 A.3d 850, 855 (Pa. Super. 2012) (citation omitted).

Father raises nine issues for our review. The first three each involve an argument that the trial court erred in changing the manner by which it calculated Father's income available for child support purposes. First, Father argues that the coordinate jurisdiction rule required the trial court to use the same method used when child support was calculated in 2005. Second, he contends that collateral estoppel prohibited the trial court from changing the method of calculation. Finally, Father asserts that the trial court erred by not following the law of the case doctrine and continuing to calculate his income as it had originally been calculated in 2005.

All three issues are premised upon Father's belief that a prior trial court order in 2005 limited Father's available income to the pass-through income he received from a corporation of which he was the sole owner. In all three arguments, Father argues that the trial court committed error by instead engaging a cash flow analysis of Father's income.

We conclude that none of these three arguments merits any relief. The trial court accurately highlighted the fatal flaw in each of these three arguments.

> However, [Father] is mistaken. The May 18, 2005, Order and Opinion by Judge Hess did not hold that [Father's] pass through income was the only income to be considered. Rather, the opinion stated that any repayment to [Father] of money he loaned his business would not be considered income to [Father.] Furthermore, on appeal of that Order our Superior Court found

- 4 -

that [Father] had waived the specific question of whether his pass through income should be considered his only income because [Father] had not cited to any applicable case or statutory law. While at the time this decision may have, for all practical purposes, made [Father's] pass through income his only income available for support purposes, it was not specifically held that only his pass through income would be used for support purposes in perpetuity.

Trial Court Order and Opinion, 12/15/14, at 13 (citations and footnotes omitted). Thus, Father's belief that the 2005 order explicitly limited the income subject to consideration to his pass-through income is not supported by the record. We further conclude that even if the order could be reasonably read to support Father's interpretation, the trial court was empowered to perform a cash flow analysis as Mother established that a cash flow analysis better reflected Father's current income. **See** 23 Pa.C.S.A. § 4352(a); **Krebs v. Krebs**, 944 A.2d 768, 774–75 (Pa.Super.2008) (court has power to correct support award based upon prior misrepresentation of income).

In a related issue, nominally his fifth, Father contends that the trial court erred in its application of the cash flow analysis. Specifically, Father argues that the trial court abused its discretion by finding that some of the expenses claimed by Father on his federal tax returns were not really business expenses, but expenses for the personal benefit of Father.

This Court has consistently held that

the net income of a defendant as shown on income tax returns is not to be accepted in a support case as the infallible test of his earning capacity. Particularly is this true where the defendant is

- 5 -

in business for himself and is allowed substantial business "expenses," items of depreciation and sundry other deductions which enable him to live luxuriously before spending his taxable income.

*Murphy v. Murphy*, 599 A.2d 647, 651 (Pa. Super. 1991) (citations omitted). Here, the trial court found that Father's corporate tax return utilized deductions for expenses such as Father's monthly gym membership fee, personal medical expenses, child support payments, and other miscellaneous expenses for the benefit of Father. These findings are amply supported by the record, and the trial court did not abuse its discretion in concluding that such "expenses" should not be excluded from Father's available income.

In his fourth issue on appeal, Father argues that the trial court erred in failing to include $10,000 Mother received from her husband's sale of his prior residence in calculating Mother's income available for support. In 2013, Mother's husband sold his residence to move in with Mother, and recognized a gain on the sale. It is undisputed that Mother used approximately $10,000 of this gain to pay her debts. *See* Mother's Brief, at 17.

Father contends that the trial court was required to include this amount in its calculation of Mother's income available for child support in 2013. Mother argues, without any citation to authority, that this sum does not constitute income, primarily based upon an allusion to federal income taxation rules. However, in support matters, income includes "gains derived

- 6 -

from dealings in property[,] … income from discharge of indebtedness[,] … [and] other entitlements to money[.]" 23 Pa.C.S.A. § 4302. We therefore agree with Father that the $10,000 used by Mother to retire debt is not statutorily excluded from her income.

We do, however, conclude that the trial court did not abuse its discretion in excluding the $10,000 from its calculation of Mother's available income. There is no evidence of record that this was more than a one-time occurrence. While the trial court could have considered this one-time event in calculating Mother's income for 2013, we cannot conclude that it was an abuse of the trial court's discretion to disregard it in this matter. *See*, *e.g.*, *Portugal*, 798 A.2d at 251.

In issue six, Father argues that the trial court erred in failing to reduce his child support payments according to the existing custody order which provides for equal physical custody of the child. However, as the trial court properly notes, it is not the language of the order which entitles a obligor to a reduction in his support obligations, but the time he actually spends with physical custody of the subject child. *See Riley v. Foley*, 783 A.2d 807, 814 (Pa. Super. 2001). Here, Father has never contradicted Mother's assertion that the child spends no time in Father's custody. He merely argues that the custody order controls over the *de facto* circumstances. We therefore conclude that the trial court did not err in refusing to reduce

Father's support liability pursuant to the explicit award of shared physical custody.

Next, Father asserts, in a broad claim, that the trial court erred in dismissing his exceptions to the master's report and recommendation. This argument does not raise any arguments that are independent of his other arguments on appeal. As we find that none of Father's issues on appeal merit relief, we conclude that this issue similarly merits no relief.

In his eighth issue on appeal, Father contends that the trial court erred in failing to reduce his support obligation due to the financial benefit received by Mother from her husband. We note that this Court has previously stated:

> Above all, we are mindful of the general principle that a parent's duty to support his minor children is absolute, and the purpose of child support is to promote the children's best interests. The court has no legal authority to eliminate an obligor's support obligation, where the obligor can reasonably provide for some of the children's needs.

**Silver**, 981 A.2d at 296 (citation omitted). Father has made no claim that he cannot afford to pay his child support obligation. The trial court was empowered to find that the fact Mother's household receives a subsidy from her husband impacted Father's support obligation. However, this consideration is within the discretion of the trial court, and we will not assail that discretion absent an abuse. We cannot say that the trial court's decision was an abuse of its discretion, as Father's duty to support his child is absolute. Therefore, Father's eighth issue merits no relief.

In his final issue, Father argues that the trial court erred in its treatment of the parties' child's counseling expenses. However, Father fails to provide any argument in support of this issue in either of the argument sections of his principal or reply brief. We therefore find this issue waived.

Turning to Mother's cross-appeal, we note that Mother's arguments all center on contentions that the trial court erred in calculating Father's income available for support. In fact, Mother supports all three issues with a single section of argument. We therefore address all three issues as a single challenge.

All of Mother's arguments assail the trial court's credibility determinations. Our review of the record indicates that, while there is certainly ambiguity in the amount of income earned by Father, and that this ambiguity is almost certainly due to Father's obfuscation, the trial court's findings are supported by the record, and constitute a reasonable attempt at setting Father's income in a non-confiscatory manner. We therefore cannot conclude that the trial court abused its discretion. Mother's issues on appeal merit no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016