**Arlene ROBINSON–AUSTIN, Appellee**

v.

**Marshall T. ROBINSON–AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 27, 2007.

Filed April 10, 2007.

---

Timothy S. Lijewski, Pittsburgh, for appellant.

Christine M. Kostello, Pittsburgh, for appellee.

BEFORE: MUSMANNO, BOWES and JOHNSON, JJ.

OPINION BY BOWES, J.:

¶ 1 Marshall T. Robinson–Austin ("Father") appeals the trial court's refusal to terminate his support obligation for his son, Marshall Robinson–Austin, Jr., ("Marshall") because Marshall still was attending high school. We affirm and remand for an award of costs and attorney's fees in favor of Mother–Appellee, Arlene Robinson–Austin.

¶ 2 The parties married on June 24, 1978, and two children were born of the marriage, one adult daughter and Marshall, who was born on October 10, 1987. On October 9, 2002, the parties consented to the entry of an equitable distribution order in this divorce action, which provided, *inter alia,* that Father would pay an unallocated award of child support for Marshall in the amount of $787 per month until Marshall became emancipated. After Marshall's emancipation, Father remained obligated to pay Mother $400 per month in alimony for a period of two years.

¶ 3 On May 13, 2005, Father filed a motion to terminate the existing support, and the matter was remanded by the trial court for a hearing before a hearing officer. At the hearing, it was established that Marshall was a full-time eleventh grade student at Conroy Education Center in Pittsburgh, a school that is part of the School District of Pittsburgh, and was actively pursuing his high school diploma. On February 28, 2006, the hearing officer issued a recommendation that support continue because Marshall remained in high school and was not considered emancipated under the controlling case law.

¶ 4 Father filed exceptions that were denied on June 26, 2006. The present appeal ensued. On appeal, Father maintains that Mother failed to meet her burden of proving that Marshall was incapable of obtaining employment. This position is meritless because the child remained in high school. The law provides unequivocally that a duty of support continues "until a child reaches 18 or graduates from high school, whichever event occurs later." *Blue v. Blue,* 532 Pa. 521, 529, 616 A.2d 628, 633 (1992). A child is not required to support himself by finding employment while the child still is attending high school. *Id.*

¶ 5 Father concedes that child support continues until a child reaches eighteen or graduates from high school, whichever event occurs later. He argues that Marshall should be considered emancipated because Mother failed to meet her burden of showing the condition making it impossible for him to be employed. The fact that Marshall was still attending high school, in and of itself, was sufficient to

establish that he is incapable of supporting himself. *Id.*

¶ 6 Father fails to acknowledge the controlling import of *Blue.* He relies upon a case that is completely inapplicable because in that case, we refused to find a child under eighteen to be emancipated despite the fact that the child left high school and was working. *Nicholason v. Follweiler,* 735 A.2d 1275 (Pa.Super.1999). He cites another equally inapplicable case, *Heitzman–Nolte v. Nolte,* 837 A.2d 1182 (Pa.Super.2003), wherein we ordered the parent to support a disabled adult child who already had graduated from high school and was attending college. It is only when the adult child graduates from high school that the burden of proof shifts to the adult child to establish the conditions that make employment unfeasible. *See id.*

¶ 7 Appellant's appeal is without any basis in the law or the facts and is wholly frivolous, and we therefore remand for an award of attorney's fees in favor of Mother–Appellee. Pa.R.A.P. 2744(1); *Winpenny v. Winpenny,* 434 Pa.Super. 348, 643 A.2d 677 (1994); *Wiegand v. Wiegand,* 363 Pa.Super. 169, 525 A.2d 772 (1987); *see also U.S. Claims, Inc. v. Dougherty,* 914 A.2d 874 (Pa.Super.2006); *First Union Mortgage Corp. v. Frempong,* 744 A.2d 327 (Pa.Super.1999).

¶ 8 Order affirmed. Case remanded for a hearing on Appellee's reasonable attorney's fees and costs incurred in defense of this appeal, which are to be assessed against Father. Jurisdiction relinquished.