J-A09020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINE LUKUS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD S. LEPRE, JR. | |
| Appellant | No. 1690 MDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2011-DR-16

BEFORE: FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 23, 2016**

Appellant Gerald S. Lepre, Jr. ("Father") appeals from the order of the Court of Common Pleas of Susquehanna County terminating the child support owed by him as of June 12, 2014, rather than in January 2014, and ordering that Father be responsible for payment of outstanding court costs related to the petition. We affirm.

Following the appeal of a prior court of common pleas order, this Court provided the following factual and procedural background:

> D.L.S. ("Mother") and Father are the biological parents of M.L. ("Child"). [Christine Lukus ("Grandmother")] is Father's mother. On December 27, 2006, Mother obtained primary physical custody of Child. Thereafter, Mother and Child's relationship deteriorated. In 2010, Mother allowed Child to reside with Grandmother and Grandmother's

_____

[*] Retired Senior Judge assigned to the Superior Court.

husband at their Susquehanna County home, where she remains.[1]

> [1] In January 2011, Father filed a petition for modification, seeking primary physical custody of Child. On July 16, 2012, the court denied Father's petition. Significantly, the court determined the best interests of Child mandated that Mother maintain primary physical custody. The court also announced its approval of Mother's decision to enter into a temporary arrangement with Grandmother, allowing Grandmother to provide for Child's custodial needs. On March 6, 2013, this Court affirmed the order granting primary physical custody to Mother. *See **G.S.L., Jr. v. D.L.S.**, No. 1486 MDA 2012, unpublished memorandum at 9 (Pa.Super. filed March 6, 2013).

Memorandum, **C.L. v. G.S.L., Jr.**, 769 MDA 2012, 1578 MDA 2012 (Pa.Super. filed Apr. 24, 2013). In 2011, Grandmother filed a complaint for support against Father. The trial court adopted the master's recommendation that Father pay child support for Daughter to Grandmother. This Court affirmed. **Id.**

On February 6, 2014, Father filed a petition to terminate child support, alleging Daughter reached the age of 18 in January 2014, and, therefore, Father should no longer be obligated to pay child support. Brief In Support of Petition for Review, filed Feb. 6, 2014.[1]

_____

[1] Grandmother filed a petition to modify the existing support order, which she withdrew at the September 16, 2015 hearing. N.T., 9/16/2015, at 2.

On September 16, 2015, the trial court ordered that the child support obligation was terminated effective June 12, 2014 and ordered that Father pay any outstanding court costs related to his petition.[2]

On September 25, 2015, Father filed a timely notice of appeal. The trial court did not order, and Father did not file, a concise statement of reasons relied on for appeal pursuant to Pennsylvania Rule 1925(b). The trial court did not issue a 1925(a) opinion.

---

[2] The Brief of the Susquehanna County Domestic Relations Department explains the delay in this case as follows:

> In the instant matter, it is imperative that this Honorable Court be aware that the pendency of the Petition to terminate Support in excess of one and one-half (1.5) years was a result of certain circumstances, specifically a scheduling order on the Petition had to be forwarded to a specially presiding judge due to numerous recusals by prior judges, and by the time the scheduling order was received, the date scheduled had passed and the matter had to be rescheduled to a future date. By the time that order was received there was pending a second federal civil rights lawsuit filed by Appellant against numerous defendants, including but not limited to undersigned counsel, the Susquehanna County Domestic Relations Department and employees of the Department, and Appellee, with underlying issues as to administration of the child support matter and determinations of the Court. As such, there was no action taken in the matter pending resolution of the federal civil rights lawsuit. Upon the dismissal of the federal civil rights matter as to the defendants including undersigned counsel, the Susquehanna and employees of the Department, and receiving an appropriately dated scheduling order, the Appellant's Petition was promptly heard.

Appellee's Brief at 3 n.1.

Appellant raises the following claims on appeal:

> I. Whether the court below committed an error of law, abused its discretion or violated constitutional rights when it determined an adult was entitled to child support on and past the adult[']s eighteenth (18th) birthday?
>
> II. Whether the court below committed an error of law, abused its discretion or violated constitutional rights when it failed to refund any overpayments in child support?

Appellant's Brief at 5.

Father's first issue maintains the trial court erred when it terminated the child support effective on Child's graduation from high school, rather than from her eighteenth birthday.

This Court's standard of review of orders addressing child support is as follows:

> [T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa.Super.2009) (quoting *Samii v. Samii*, 847 A.2d 691, 694 (Pa.Super.2004)).

Although Child attained the age of 18 in January 2014, she did not graduate from high school until June 12, 2014.

Pennsylvania law provides that "[p]arents are liable for support of their children who are unemancipated and 18 years of age or younger." 23

Pa.C.S. § 4321(2). Further, the Pennsylvania Rules of Civil Procedure provide that "the domestic relations section shall administratively terminate the child support charging order without further proceedings on the last to occur of the date the last child reaches eighteen (18) or graduates from high school." Pa.R.Civ.P. 1910.19(e)(4).

Appellant maintains that the trial court erred when it terminated the support obligation on the date of graduation, because the statute does not require payment of child support following the child's 18th birthday, regardless of whether he or she has graduated from high school. Appellant's Brief at 9-10. The Supreme Court of Pennsylvania, however, has found that a child is entitled to support until he or she graduates from high school. **Blue v. Blue**, 616 A.2d 628, 633 (Pa.1992) ("notwithstanding a child reaching majority at age 18, a parental duty of support is owed until a child reaches 18 or graduates from high school, whichever event occurs later."). In **Blue**, the Court found:

> A basic education as guaranteed by our Commonwealth constitution must be available to all Commonwealth citizens. In many instances, high school students reach their 18th birthday prior to graduation from high school. It would make no sense to terminate a support order while a child is attending high school. The rigors of high school are difficult enough without worrying about how a child is going to support himself for the remaining days of his high school education. Therefore, notwithstanding a child reaching majority at age 18, a parental duty of support is owed until a child reaches 18 or graduates from high school, whichever event occurs later. This will ensure that children have a minimum education in order to prepare them for the challenges of life.

616 A.2d at 632-33.[3]

Further, this Court has found that a child attending high school is not emancipated, without additional evidence to support a finding of emancipation. *Castaldi v. Castaldi-Veloric*, 993 A.2d 903, 911 (Pa.Super.2010) (18-year-old daughter not emancipated where she had not graduated high school, and there was no evidence she lived separately from Mother, had the ability to support herself, or expressed a desire to live independently of Mother); *Robinson-Austin v. Robinson-Austin*, 921 A.2d 1246, 1247-48 (Pa.Super.2007) (fact that child still attended high school was sufficient to establish he was incapable of supporting himself).

The trial court did not err or abuse its discretion in finding that Father's obligation to pay child support ceased upon Child's graduation from high school, not upon her eighteenth birthday.

Father next maintains that the court erred, abused its discretion, or violated his constitutional rights when it failed to refund any overpayments of child support. Appellant's Brief at 10.

The Domestic Relations Department maintains that during the pendency of Father's petition, it held support payments in abeyance. If

---

[3] The Court in **Blue** addressed a son's request for support payments from his father for his college education. 616 A.2d at 629. The Court found the father did not have an obligation to pay for his son's post-secondary school expenses, which it found the father did not owe because the Pennsylvania state legislature had not yet enacted a statute addressing whether there was a support obligation for post-secondary expenses. *Id.* at 632.

Father has not been refunded any support paid following Child's June 12, 2014 graduation date, he is entitled to a refund. The Department shall remit any overpayments, beyond the June 12, 2014, date to Appellant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016