J-S04002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| UNIVEST BANK AND TRUST, CO. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LURUBE DEVELOPERS, LLC | : | |
| Appellant | : | No. 752 EDA 2021 |

Appeal from the Order Entered March 5, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170302437

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 11, 2022**

Appellant, LuRube Developers, LLC, appeals from the order entered in the Court of Common Pleas of Philadelphia County on March 5, 2021, denying its petition to set aside a sheriff's sale of real property.   We affirm. Additionally, we grant Appellee's request for an award of counsel fees and costs against Appellant pursuant to Pa.R.A.P. 2744, and we remand for the trial court's determination of the amount to be awarded.

The trial court summarized the relevant factual background and procedural history of this matter in its Pa.R.A.P. 1925(a) opinion, as follows:

> [Appellant] is a limited liability company with two members.
> Raymond Johnson is the CEO[,] and his mother, Rubystine
> Johnson, holds a minority interest.  On May 21, 2015, Valley
> Green Bank entered into a construction loan agreement with
> [Appellant] in the principal amount of $440,000.00.  Univest Bank

_____

[*] Former Justice specially assigned to the Superior Court.

and Trust Company ("Univest") became the successor in interest to Valley Green Bank. The loan and all relevant agreements were assigned to Univest. On or about March 8, 2018, after the filing of its complaint in this case, Univest assigned [Appellant's] construction loan and all relevant agreements to PA Holding and Trust Company ([the] "Bank" [or "Appellee"]), the real party in[]interest as [the p]laintiff in this case.[1]

> [1] **See** … [Bank's] Answer to Motion to Set Aside [Sheriff's Sale, 1/31/20, at Exhibit "A" (Praecipe to Mark Judgment),] [(]requesting that the Office of Judicial Records mark the judgment by confession entered in this case in the name of PA Holdings and Trust Co[)]. The original caption was not changed in this case.[1]

As collateral for the loan, [Appellant] had executed and delivered to Valley Green Bank an open-ended mortgage deed dated May 21, 2015, with a lien on 1700 Christian Street, Philadelphia, PA 19146 ("1700 Christian"). The mortgage was duly recorded. [Appellant] also executed and delivered an assignment of rents and leases. Raymond Johnson and Rubystine Johnson agreed to guarantee and act as sureties as individuals.

[Appellant] defaulted on March 21, 2017[,] and Univest confessed judgment against [Appellant], Raymond Johnson[,] and Rubystine Johnson[,] in the amount of $369,810.29 plus interest.[5] [Appellant] did not move to open/strike the judgment. On August

---

[1] Pennsylvania Rule of Civil Procedure 2004 provides:

> If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or upon petition of the original plaintiff or of the transferee or of any party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

Pa.R.Civ.P. 2004. "The language of Rule 2004 is clear in not requiring that, once a transfer of an interest occurs by a plaintiff after an action has commenced, a transferee be named as a co-plaintiff or substituted as plaintiff." **Cole v. Boyd**, 719 A.2d 311, 313-14 (Pa. Super. 1998) (citing **Birdsboro Corp. v. Weng**, 626 A.2d 1216, 1217 (Pa. Super. 1993) ("Substitution of parties, once suit has been commenced 'is permissible, [but] it is not essential under Rule 2004.'") (brackets in original omitted)).

18, 2017, a writ of execution to sell the subject property was issued by the Office of Judicial Records in Philadelphia at Univest's request. 1700 Christian was listed for [a] sheriff's sale on November 7, 2017. However, at Univest's request, the sale was postponed to December 5, 2017[,] to allow Univest to make proper service of the writ of execution on all interested parties. This was the first of many postponements.

> [5] Additionally, [the] Bank had filed a mortgage foreclosure action against [Appellant] captioned as *PA Holdings and Trust Co. v. LuRube Developers LLC*, CP Phila. 1806-1323. The Bank eventually discontinued the foreclosure action and chose to pursue its uncollateralized confession of judgment process instead, while negotiating its foreclosure options.

The December 5, 2017 sheriff's sale was postponed after Univest entered into a forbearance agreement with [Appellant], Raymond Johnson[,] and Rubystine Johnson. The hope was that [Appellant] could secure new financing to repay the loan[,] but [Appellant] defaulted again. A sheriff's sale was rescheduled for February 6, 2018[,] with the consent of all parties. On January 31, 2018, approximately one week before the scheduled sale, and at [Appellant's] request, Univest filed a motion to postpone which was granted.

On March 27, 2018, [Appellant] filed its own petition to postpone [the] sheriff's sale. By then, the Bank had taken over from Univest, and Raymond Johnson was engaged in efforts to convince the Bank to sell the note to a new lender and find alternative financing. On April 2, 2018, [Appellant] withdrew its petition to postpone, having obtained the Bank's consent.

In the meantime, the Bank filed a motion to reassess confessed judgment damages to $469,825.25[,] which was uncontested and granted. On October 16, 2019, the Bank filed a praecipe to issue a writ of execution to schedule a new sheriff's sale date. This was the first time since April 2, 2018, that any action was taken toward listing a sheriff's sale.

The Bank then served a writ upon [Appellant], the judgment creditors, lienholders[,] and all interested parties, and 1700 Christian was sold at [a] sheriff's sale on January 7, 2020[,] for $360,000.

On January 20, 2020, [Appellant] filed [a] petition to set aside the January 7, 2020 sheriff's sale.[7] Arguments include[d] a claim that

the Bank lack[ed] standing[,][8] … that the Bank had failed to provide notice of the impending sale[,] and failed to name indispensable parties.[9]  [Appellant a]lso averred … equitable arguments such as hours worked and money invested in the property.  After the Bank filed a response to the petition, we scheduled an evidentiary hearing and stayed court proceedings. As a result of the pandemic and resulting closures, the evidentiary hearing was delayed until October 5, 2020[,] when it took place by Zoom.

> [7] This petition followed an unsuccessful complaint filed by [Appellant] in a separate action alleging the Bank had breached its fiduciary duty at *LuRube Developers, LLC v. P[A] Holding Trust*, CP Phila, 180900225.  The Bank's motion for summary judgment was granted on June 11, 2020.

> [8] See page[s]1-2 of this opinion which gives a procedural and business history[,] finding the Bank to be Univest's successor and assignee of the mortgage loan in this case.

> [9] This argument lack[ed] merit since the guarantors do not have an interest in the property and consequently were not indispensable to this action.

Along the way, the Bank had filed a motion to cancel the evidentiary hearing[,] but we proceeded and later denied this motion as moot.

At the conclusion of the October 5, 2021 evidentiary hearing, the court held the matter under advisement, giving [Appellant] sixty more days to secure alternative financing.  The additional time did not change the situation.

Therefore, on March 5, 2021, the court denied [Appellant's] petition to set aside [the sale] and authorized the sheriff to carry out … its usual administrative process after a sheriff's sale has been entered.

Trial Court Opinion ("TCO"), 8/27/21, at 1-4 (unnecessary capitalization and some footnotes omitted).

J-S04002-22

Appellant filed a timely notice of appeal on April 2, 2021.[2] Herein, Appellant presents the following sole question for our review: "Did the lower court err in denying Appellant's Petition to Set Aside the Sheriff['s] Sale of [A]ppellant's real property when equity favors … [A]ppellant?" Appellant's Brief at 6.[3, 4]

We are guided by the following principles when reviewing an order granting or denying a petition to set aside a sheriff's sale:

_____

[2] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[3] We observe that Appellant identified in its docketing statement the following two issues to be raised on appeal: (1) "Whether indispensable parties were given proper service of the [s]heriff's sale of Appellant's real property[;]" and (2) "Whether the mortgage lender, Appellee, and its assigns prevented Appellant from satisfying the debt by failing to provide information necessary for Appellant to obtain funds?" However, neither of these issues are listed in Appellant's "Statement of Questions Involved" or addressed in the argument section of its Brief. Accordingly, we deem these issues waived. **See Commonwealth v. Long**, 786 A.2d 237, 239 n.3 (Pa. Super. 2001) (citation omitted) ("Generally, questions not presented in the 'Statement of Questions Involved' are deemed waived.").

[4] We further note that Appellant has failed to file a reproduced record in accordance with Pa.R.A.P. 2152. While we do not condone its failure to comply with the appellate rules in this matter, we decline to quash the appeal on this basis, as the necessary documents were a part of the certified record and, thus, our review has not been substantially impeded. **See** Pa.R.A.P. 2101 (providing that "if the defects ... in the … reproduced record of the appellant … are substantial, the appeal … may be quashed or dismissed"); **Clark v. Peugh**, 257 A.3d 1260, 1264 n.1 (Pa. Super. 2021) (denying Peugh's application to quash the appeal on the basis that Clark filed his appellate brief two weeks after the deadline and failed to file a reproduced record); **Hrinkevich v. Hrinkevich**, 676 A.2d 237, 240 (Pa. Super. 1996) ("It is well-settled that the Superior Court may only consider documents properly incorporated within the certified record.").

- 5 -

The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of discretion.

An abuse of discretion is not merely an error of judgment. Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court.

An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

**Wells Fargo Bank, N.A. v. Ferreri**, 199 A.3d 892, 895-96 (Pa. Super. 2018)

(quoting **GMAC Mortgage Corp. of PA v. Buchanan**, 929 A.2d 1164, 1167

(Pa. Super. 2007) (internal citations omitted)).

Pennsylvania Rule of Civil Procedure 3132 provides:

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.Civ.P. 3132.

Instantly, Appellant claims that the trial court failed to recognize the equitable factors entitling it to relief on its petition to set aside the sheriff's sale. Appellant's Brief at 8.[5] For instance, Appellant avers that the sale price was grossly inadequate, that Appellant has made significant improvements to the property, that the Philadelphia Department of Licenses and Inspections confounded its ability to finish construction, that two separate actions were filed against it (an *in rem* foreclosure action and a confession of judgment), which clouded the title to the subject property, and that it was provided with a loan payoff figure less than three months before the sheriff's sale. *Id.* at 8-9. It concludes that the sheriff's sale must be set aside to reach a just and proper result under these circumstances. *Id.* at 9.

Regarding its assertion that the sale price was "grossly inadequate," Appellant avers that the value of 1700 Christian was estimated to be $850,000.00, and that the property was purchased at the sheriff's sale by Appellee for $360,000.00. *Id.* at 10-11. While conceding that price alone is not a basis for setting aside a sheriff's sale, Appellant suggests such relief is proper here where a "gross inadequacy" in the sale price exists. *Id.* at 11 (citing **Bank of America, N.A. v. Estate of Hood**, 47 A.3d 1208, 1211 (Pa.

_____

[5] The Bank notes that this issue was not included in Appellant's docketing statement. Bank's Brief at 8 n.2. However, "failure to include an issue in a docketing statement does not result in waiver of that issue." **Dixon v. Northwestern Mutual**, 146 A.3d 780, 787 (Pa. Super. 2016). Thus, we do not deem Appellant's claim waived on this basis.

Super. 2012) (recognizing a gross inadequacy of the sale price as a basis to set aside a sheriff's sale)).

Preliminarily, we note that the equitable factor regarding the inadequacy of the sales price is raised for the first time on appeal.[6] Thus, we are constrained to conclude that this argument has been waived. "Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that '[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.'" *In re F.C. III*, 2 A.3d 1201, 1211-12 (Pa. 2010) (citing Pa.R.A.P. 302(a)). "By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue." *Id.* at 1212.

Even if Appellant had not waived this part of its argument, we would conclude that no relief is warranted on this basis. Appellant's claim ignores the well-established rule that "the price obtained at a lawfully conducted sheriff's sale is presumptively the best price obtainable." *Hood*, 47 A.3d at 1213 (citation omitted). Instantly, Appellant did not offer any evidence to

---

[6] Appellant fails to indicate how it preserved this issue below in contravention of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e). "Our appellate courts have long held that an [appellant] who does not follow [Rule] 2117(c) and [Rule] 2119(e) waives the related issues due to the defects in his brief." *Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Commonwealth v. Baker*, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted).

rebut this presumption. Moreover, Appellant's reliance on **Hood** in support of its claim is misplaced, as that decision contradicts Appellant's allegation regarding the sale price in this matter. In **Hood**, this Court determined that the trial court abused its discretion in finding a grossly inadequate sale price where the property was purchased at a sheriff's sale for roughly 44% of the market value and where no procedural defects in the sale were indicated. **Id.** at 1212-13. **See also id.** at 1212 ("Pennsylvania courts have concluded that a sheriff's sale price is grossly inadequate where [the] sale price was a small percentage—roughly ten percent or less—of the established market value."). Similarly, in the instant matter, 1700 Christian sold for approximately 42% of the market value (assuming Appellant's proposed value of the property at $850,000.00), which is far greater than the "ten percent or less" inadequacy threshold discussed in **Hood**.

As to the remainder of equitable factors that Appellant claims the trial court failed to consider in denying its petition to set aside the sale, we observe that its argument is devoid of any legal analysis and/or citations to legal authority, in violation of Pa.R.A.P. 2119(a). Instead, Appellant disputes the trial court's findings of fact solely by pointing to contradictory and self-serving testimony. **See** Appellant's Brief at 9-13. Appellant is essentially asking this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder, which we cannot and will not do. **See Gamesa Energy USA, LLC v. Ten Penn Center Associates, L.P.**, 181 A.3d 1188, 1191-92 (Pa. Super. 2018). Accordingly, we deem the remainder of Appellant's equitable claims

to be waived. *See Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

Nevertheless, even if not waived, we would conclude that Appellant's equitable argument lacks merit. The trial court clearly found "[b]oth law and equity favor the Bank." TCO at 4. It opined:

> Along with the legal analysis relating to notice, petitions to set aside a sheriff's sale invoke equity.[15] The burden is on [Appellant] to show by clear and convincing evidence that circumstances warrant relief.[16] We find [Appellant] has not met this burden. While the company invested in purchasing 1700 Christian, the loan has been in default for over four years[] and little has been spent on actual repairs. Neither Bank forbearance, nor multiple [s]heriff's [s]ale postponements averted foreclosure.[17]
>
> [15] *Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013) [(citation omitted)].
>
> [16] *M&T Mortgage Corporation v. Keesler*, 826 [A].2d 877, 879 (Pa. Super. [2003]) [(citation omitted)].
>
> [17] Mr. Johnson testified during the hearing that the Bank refused to cooperate with him by failing to provide him with a payoff figure and/or wiring instructions. He was not credible[,] and he repeated claims previously dismissed in a separate action captioned *LuRube Developers v. Pa. Holding Trust*, CP Commerce Phila 18090225. There, on June 11, 2020, similar claims were reviewed at summary judgment[,] but the claims were unsubstantiated following discovery.
>
> From an equity standpoint, loan delinquency is compounded by numerous judgments and liens levied against the property with frequent involvement by the City of Philadelphia's Department of Licenses and Inspections. We agree with the Bank's argument

that under current ownership, interest from new investors is nonexistent. 1700 Christian has indeed been vacant for many years on a block that has enjoyed successful reinvestment in recent times.

We granted a sixty[-]day grace period after the evidentiary hearing to give [Appellant] another chance, but the extra time made no difference.

Under these circumstances, [Appellant] has not met its burden in equity to show by clear and convincing evidence why the time has not come for new ownership to invest in 1700 Christian.

*Id.* at 7-8 (citations to record and some footnotes omitted). We would deem the trial court's findings to be supported by the record, and we would discern no abuse of discretion.

As a separate and additional matter, the Bank has asked this Court to impose costs and attorneys' fees against Appellant, pursuant to Pennsylvania Rule of Appellate Procedure 2744, on the grounds that this appeal is frivolous and was filed for the purpose of delay.[7] Rule 2744 allows an award of costs damages, including "a reasonable counsel fee and … damages for delay at the rate of 6% per annum in addition to legal interest," if this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant … is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit; rather,

_____

[7] *See* Bank's Application for Relief in the Nature of Costs and Counsel Fees Pursuant to Pa.R.A.P. 2744 ("Application for Relief"), 12/20/21, at 8-9. Consideration of the Application for Relief was deferred to the merits panel. *See Per Curium* Order, 12/29/21 (single page). No response has been filed by Appellant.

- 11 -

it must be found that the appeal has no basis in law or fact." ***U.S. Claims, Inc. v. Dougherty***, 914 A.2d 874, 878 (Pa. Super. 2006) ***Id.*** (internal brackets and citation omitted). Moreover, "appeals that are taken for the purpose of delay and involve "issues that have already been resolved, or which present arguments running counter to well settled rules of law will be deemed 'frivolous' by this Court." ***Murphy v. Murphy***, 599 A.2d 647, 654 (Pa. Super. 1991) (citation omitted) (stating that "[s]uch appeals are the proper subject for sanctions under Rule 2744").

Instantly, the Bank contends that after multiple requests for extensions, Appellant dropped its claims regarding notice/service and purported interference with its payoff of the loan (as identified in Appellant's docketing statement), and only argues in its brief that equity favors setting aside the sheriff's sale. **See** Bank's Application for Relief at 4 ¶ 9. "Despite acknowledging the scope of review as an abuse of discretion, [Appellant] simply asks this Court to substitute its judgment for that of the trial court. Appellant does not argue that the trial court's findings lacked any reasonable basis in the evidence or that the trial court made an error of law." ***Id.*** at 4-5 ¶ 13. "On the contrary, [Appellant] recounts what it believes to be equitable factors in its favor and raises a new argument that the price was 'grossly inadequate,' based on cases that, on their face, establish that [Appellant's] gross inadequacy claim is baseless." ***Id.*** at 5 ¶ 14.

In further support of its request for relief, the Bank convincingly argues:

An appeal is "frivolous" and damages may be awarded where the appeal lacks any basis in law or in fact. *See, e.g.*, *Robinson-Austin v. Robinson-Austin*, 921 A.2d 1246-48 (Pa. Super. 2007). "An award of counsel fees and delay damages is warranted where an appeal is based solely on facts contrary to those found by the trier of fact." *Canal Side Care Manor, LLC v. PHRC*, 30 A.3d 568, 577 (Pa. [Cmwlth.] 2011); *Reinhart v. Dep't of Transp.*, 954 A.2d 761, 768 (Pa. [Cmwlth.] 2008) ("[B]asing an appeal solely on facts contrary to those found by the trial court is frivolous[.]").

In *Reinhart*, [Penn]DOT based its appeal "on a reargument of its own version of the facts," and based its appeal on the credibility of an officer, which the trial court rejected. [*Reinhart*,] 954 A.2d at 768-69. The Commonwealth Court ruled [that], "[b]ecause it is clear that this Court is bound by the facts found by the trial court, which are clearly supported by the record, we conclude PennDOT's appeal is frivolous, entitling [Reinhart] to attorney's fees and costs." *Id.* at 769.

In this case, the trial court made factual findings to support its conclusion that the equities weighed against [Appellant] and found [Appellant's] only witness "was not credible." Just like [Penn]DOT in *Reinhart*, [Appellant] bases its equitable arguments in its appeal on its own version of the facts and the credibility of its only witness, even though the trial court found him "not credible."

Moreover, "[a] brief that lacks support for an argument and citation to pertinent authority is grounds to find an appeal frivolous." *Venafro v. Dept. of Transp.*, 796 A.2d 384 (Pa. [Cmwlth.] 2002). [Appellant] provides no authority for its contention that this Court can substitute its equitable judgment for that of the trial court. In fact, the law is directly to the contrary, as the equitable decision "is addressed to the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of that discretion." *Bornman v. Gordon*, … 527 A.2d 109, 111 ([Pa. Super.] 1987).

*Id.* at 5-6 ¶¶ 15-21 (paragraph numbers and some paragraph breaks omitted). Additionally, as noted above, Appellant's argument that the sale should be set aside because the price was grossly inadequate is clearly

unsupportable under the law. *Id.* at 6 ¶ 23. "Because [Appellant's] entire appeal is based solely on facts contrary to those found by the trier of fact, and because the only authorities relied on by [Appellant] stand for the proposition that [Appellant] is not entitled to any relief, its appeal is frivolous." *Id.* at 7 ¶ 27 (citing *Reinhart*, *supra*; *Venafro*, *supra*).[8]

Based on the foregoing, we are convinced that this appeal is frivolous. Thus, we grant the Bank's Application for Relief, and we remand this matter to the trial court, pursuant to Pa.R.A.P. 2744, for the purpose of determining the amount of attorneys' fees and costs to be awarded. *See Murphy*, 599 A.2d at 654 (determining that "an appeal is considered 'frivolous' and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success").

Accordingly, we affirm the trial court's March 5, 2021 order denying Appellant's petition to set aside the January 7, 2020 sheriff's sale. We further grant the Bank's Application for Relief, and we remand to the trial court, pursuant to Pa.R.A.P. 2744, for the imposition of attorneys' fees and costs against Appellant.

Order affirmed. Case remanded for the imposition of attorneys' fees and costs. Jurisdiction relinquished.

_____

[8] We recognize that decisions of the Commonwealth Court are not binding upon this Court, but may serve as persuasive authority. *Commonwealth v. Brown*, 240 A.3d 970, 973 n.3 (Pa. Super. 2020).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2022